UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RAMSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1101 RWS |
| | ) | |
| UNITED STATES DEPT. OF JUSTICE, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner is currently on supervised release under the purview of the United States Probation Office, pursuant to a judgment issued in this Court on January 7, 2019 for failing to register as a Sex Offender. *See United States v. Ramsey*, No. 4:18CR492 CDP (E.D.Mo.).

Upon review of the instant petition for habeas corpus relief, the Court notes that petitioner is challenging the validity of his judgment and conviction on the grounds that the Court lacked subject matter jurisdiction.[1]  A habeas action brought pursuant to 28 U.S.C. § 2241

---

[1] It is somewhat difficult to discern if petitioner is challenging his current sentence, his original sentence from 1984, or a parole revocation in 2003, each apparently requiring him to register as a sex offender. Petitioner was released from his 15-year term of imprisonment for his conviction for assault with intent to commit rape in that case in August of 1992, and the former District of Columbia Board of Parole took over supervision of petitioner until April of 2003. However, the Parole Board issued a warrant for petitioner's arrest in December of 1997. By that time, petitioner was already serving a 15-year sentence in Illinois for armed robbery and aggravated hijacking/weapon. Upon petitioner's release from the Illinois authorities, the Parole Board executed their warrant and at his revocation hearing in April of 2003, his parole in DC was revoked and he was released in August of 2003 again with the requirement to register as a sex offender and to remain on supervision until October of 2013. *See, e.g., Ramsey v. United States Parole Comm.,* No. JFM-16-1810 (D.Ct. MD.). Petitioner has challenged the revocation, the

challenges the execution of a sentence, not the validity of a petitioner's sentence. As such, this action appears to be a motion for habeas relief pursuant to 28 U.S.C. § 2255.

The Court will not reclassify the instant petition as a § 2255 habeas corpus action, however, as doing so could deprive petitioner of the opportunity for effective collateral review in the future. See *Morales v. United States,* 304 F.3d 764, 765 (8th Cir. 2002). Therefore, the Court will dismiss the present action without prejudice.

Petitioner, may of course, choose to refile his § 2255 action on a court provided form if he chooses to do so. The Court will provide him a copy of the court form in order to facilitate this process.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's request to amend his application for writ of habeas corpus [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application and amended application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [Doc. #1 and #3] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner with a court form for filing an application pursuant to 28 U.S.C. § 2255.

---

excess supervision, the detainer warrant, as well as other revocation hearings, through various habeas and mandamus means in Maryland District Court as well as the District of D.C. *See, e.g., Ramsey v. Faust*, No. RMC 12-1818 (consolidated with No. 12-1910) (D.D.C.). Given that petitioner has already exhausted this process, even if petitioner is seeking review of a prior sentence, it appears such review would be successive. *See* 28 U.S.C. § 2244.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

A separate Order of Dismissal shall accompany this Memorandum and Order

                                                          RODNEY W. SIPPEL
                                                          UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2019.